Grant E. Kinsel, Bar No. 172407
GKinsel@perkinscoie.com
Michael Song, Bar No. 243675
MSong@perkinscoie.com
Christina J. McCullough, Bar No. 245944
CMcCullough@perkinscoie.com
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiff Juno Lighting, LLC

Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205,690)
Payson.lemeilleur@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR LLP
2040 main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Defendant Nora Lighting, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Juno Lighting, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>Nora Lighting, Inc.,<br><br>    Defendant.<br><br>And Related Counterclaims | Case No. 2:13-cv-00981-RGK-PJW<br><br>RULE 26(F) JOINT SCHEDULING REPORT<br><br>Judge:  Hon. R. Gary Klausner<br><br>Trial Date: None Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 26-1, and the May 8, 2013 Order Setting Scheduling Conference (Dkt. No. 10), Plaintiff Juno Lighting, LLC ("Juno") and Defendant Nora Lighting, Inc. ("Nora") have conferred and hereby jointly submit this Rule 26 Joint Scheduling Report.

Nora's agreements and proposals provided herein are made subject to the motion it recently filed to stay the litigation pending the outcome of the reexamination of the patent asserted in this case, which is now being conducted by the U.S. Patent and Trademark Office.

Juno's agreements and proposals are similarly made subject to its recently-filed motion for summary judgment of infringement of claims 1 and 3 of the patent-in-suit, U.S. Patent No. 5,505,419 ("the '419 patent").

## I. MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(F)

### A. Timing and Form of Rule 26(a) Disclosures

Rule 26(a)(1) disclosures: The parties agree to exchange Rule 26(a)(1) initial disclosures on June 17, 2013, the date on which the disclosures would otherwise be due under the Federal Rules.

Rule 26(a)(2) disclosures: The parties agree that by or before a particular deadline after the close of fact discovery, the parties will exchange identification of any experts, including the expert's qualifications, a brief narrative statement of the expected trial testimony, and a signed undertaking acknowledging the terms of the expected protective order governing disclosure and treatment of confidential materials. A party receiving such disclosure about an expert will have a brief period within which to object. This identification and any objections would be followed by an exchange of opening expert reports, next followed by identification of rebuttal experts and an exchange of rebuttal expert reports, and finally followed by a period for expert depositions. The parties' respective proposed dates for fact

and expert discovery in line with this proposal are provided in the table set forth below.

### B. Discovery and Pretrial Plan

#### i. Subjects on which Discovery may be Needed

The parties anticipate that fact discovery will be needed concerning the following high level issues in the case: infringement and noninfringement of the '419 patent; validity and invalidity of the '419 patent; the extent and bases for the calculation of, and any limitations on, damages for any infringement of the '419 patent; each of Nora's defenses, including unclean hands, insufficient patent marking and laches; and other issues that may arise over the course of this action. The parties also believe that expert discovery may be necessary and that third party discovery may be needed. The parties intend to serve a range of specific discovery requests during discovery in this action on these and any other issues that may arise.

#### ii. Claim Construction

The parties do not agree on a procedure for construing the patent claims of the asserted patent.

Juno does not believe a separate claim construction procedure involving a *Markman* hearing and briefing is necessary, and proposes conducting claim construction simultaneously with the parties' summary judgment briefing, including Juno's recently-filed motion for summary judgment of infringement.

Nora believes that to the extent the parties disagree about the proper scope of the claims of the '419 patent, the Court should consider and resolve as soon as practical the proper construction of words and phrases in the claims of the '419 patent. Accordingly, Nora proposes that the parties will confer and attempt to reach agreement on the meaning of any claim term that any party believes requires construction. To the extent the parties do not reach agreement on the meaning of all claim terms, then the parties will exchange written claim construction positions,

followed by exchange of rebuttal positions, followed by opening and rebuttal briefs leading up to a *Markman* hearing, as Nora proposes in the schedule below.

### C. Proposed Schedule

The parties' respective proposals for scheduling the case and discovery plan are set forth in the proposed case calendar below.

| Event | Juno's Proposed Date | Nora's Proposed Date |
| --- | --- | --- |
| Initial Disclosures | June 17, 2013 | agreed |
| Last day to amend pleadings or add parties | September 15, 2013 | agreed |
| Parties confer to identify all claim terms, if any, that need to be construed | N/a (claim construction to be performed on an as-needed basis at summary judgment) | November 8, 2013 |
| Parties exchange written proposed constructions for each claim term that at least one party believes needs to be construed | N/a (see above) | November 22, 2013 |
| Parties confer to eliminate or reduce claim construction disputes | N/a (see above) | December 6, 2013 |
| Parties jointly file with the Court a list of all claim terms requiring construction and each party's proposed construction for each term | N/a (see above) | December 13, 2013 |
| Parties serve and file opening briefs on claim construction | N/a (see above) | January 17, 2014 |
| Parties serve and file respective responses to opening claim construction briefs | N/a (see above) | January 31, 2014 |
| *Markman* hearing | N/a (see above) | February 14, 2014 |
| Close of fact discovery | March 7, 2014 | April 25, 2014 |

| Event | Juno's Proposed Date | Nora's Proposed Date |
|---|---|---|
| Identify by name, address, area of expertise, and written statement of qualification (e.g., CV or resume) each expert expected to testify and expected to provide an opening expert report on any issue for which the party bears the burden of proof. | March 28, 2014 | May 2, 2014 |
| Each party bearing the burden of proof on an issue will serve, by this deadline, a report containing the opinion(s) of any identified expert expected to testify on the issue at trial, such report including all information required by Fed. R. Civ. P. 26(a)(2). | April 11, 2014 | May 23, 2014 |
| Identify by name, address, area of expertise, and written statement of qualification (e.g., CV or resume) each rebuttal expert not already identified. | April 25, 2013 | June 6, 2014 |
| Each party will serve, by this deadline, a report containing the rebuttal opinion(s) of any identified expert, such report including all information required by Fed. R. Civ. P. 26(a)(2). | May 9, 2014 | June 27, 2014 |
| Close of expert discovery | June 6, 2014 | July 25, 2014 |
| Local Rule 16-2: Deadline for parties to comply with Local Rule 16-2, including compliance with disclosures under Fed. R. Civ. P. 26(a)(3) | June 26, 2014 | |

| Event | Juno's Proposed Date | Nora's Proposed Date |
|---|---|---|
| Deadline to file dispositive motions | July 3, 2014 | September 12, 2014 |
| Deadline to file motions *in limine* | July 22, 2014 | November 7, 2014 |
| Local Rule 16-2: Deadline for parties to comply with Local Rule 16-2, including compliance with disclosures under Fed. R. Civ. P. 26(a)(3) | See above. | January 30, 2015 |
| Pretrial conference | August 5, 2014 | March 17, 2015 |
| Jury trial | August 19, 2014 | March 31, 2015 |

### D. Electronically-Stored Information ("ESI")

The parties agree that they should be required to take reasonable, good-faith steps to preserve potentially relevant ESI to the extent required under the Federal Rules of Civil Procedure. The parties further agree to negotiate in good faith the format in which ESI will be produced.

### E. Privilege and Protection Issues

The parties intend to submit a proposed protective order to protect the confidentiality of documents and things produced during this action. The parties agree that the protective order shall provide that any inadvertent disclosure or production of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine. Pending entry of an appropriate protective order, the parties agree that any information produced in this action shall be treated as Attorneys' Eyes Only.

Once the parties have exchanged privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. No party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of the lawsuit which, absent this provision, the party would have been obligated to so identify on said privilege log.

The parties agree that they will comply with the requirements and restrictions of Fed. R. Civ. Proc. 26 with respect to discovery of data or information considered by expert witnesses in forming an opinion.

### F. Additional Limitations on Discovery

The parties agree that the limits of the Federal Rules of Civil Procedure shall control with respect to all discovery.

### G. Other Orders Currently Sought From Court

The parties are not currently seeking any additional orders from the Court under Rules 26(c) or 16(b) and (c).

## II. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULE 26-1

### A. Complex Cases

Apart from the procedures proposed by one or more of the parties herein, the parties are not presently recommending that any procedures of the Manual for Complex Litigation should be utilized in this matter.

### B. Dispositive or Partially Dispositive Motions

The parties have discussed the dispositive or partially dispositive motions that are likely to be made.

Juno has filed a motion for partial summary judgment that the accused products infringe claims 1 and 3 of the '419 patent. Juno also anticipates that it may file additional motions seeking summary judgment on one or more aspects of its claims and/or defenses in the litigation.

1  Nora anticipates filing a motion for summary judgment to preclude any
2  damages for any alleged conduct prior to the filing of this lawsuit, based at least
3  upon the doctrine of laches and upon lack of notice, including failure to mark
4  products as required under 35 U.S.C. § 287. Nora also anticipates that it may file
5  additional motions seeking summary judgment based on one or more of its defenses
6  or counterclaim counts in the litigation.

### C. Settlement

<u>Juno's Statement</u>: The parties engaged in resolution discussions pre-suit, and Juno intends to continue attempting to negotiate a potential settlement as this action proceeds.

<u>Nora's Statement</u>: Prior to filing any pleadings in this case, Nora offered to remove from its products features allegedly covered by the asserted patent if Juno would dismiss the lawsuit. Juno refused Nora's offer. Nora will continue to explore potential settlement of this case.

The parties have agreed to proceed with Settlement Procedure No. 1 under L.R. 16-15.4.

### D. Trial Estimate

Juno estimates that trial will last 3-5 court days. Nora estimates that trial may require from 4-6 court days.

### E. Additional Parties

Neither party knows at this time whether it will need to add additional parties to this case, and each therefore reserves the right to do so in view of new and material disclosures made during discovery.

### F. Expert Witnesses

The parties' proposals with respect to the timing of expert disclosures are set forth above, in section II.B.

| | | |
|---|---|---|
| 1 | DATED: June 17, 2013 | PERKINS COIE LLP |
| 2 | | |
| 3 | | /s/ Michael Song |
| 4 | | Michael Song<br>Attorneys for Juno Lighting, LLC |

DATED: June 17, 2013    KNOBBE, MARTENS, OLSON & BEAR, LLP

/s/ Douglas Muehlhauser (with permission)
Douglas G. Muehlhauser
Attorneys for Nora Lighting, Inc.